Argued November 1, reversed and remanded November 15, 1967

## STATE HIGHWAY COMMISSION, *Appellant,*
## *v.* KNUTSEN ET AL, *Respondents.*

433 P. 2d 236

*J. N. Hershberger,* Assistant Attorney General, Salem, argued the cause for appellant. On the briefs

were Robert Y. Thornton, Attorney General, G. E. Rohde, and Frank C. McKinney, Assistant Attorneys General, Salem.

*Donald B. Bowerman,* Portland, argued the cause for respondents. With him on the brief were Misko, Njust & Bowerman, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

HOLMAN, J.

In this condemnation action, the State Highway Commission appeals from a judgment dismissing its complaint upon its failure to plead over after the sustaining of defendants' demurrer thereto. The question presented is whether ORS 366.345(1) grants the Commission the power to condemn land located near a highway for a marine park.

The subject land lies between the northerly boundary of the Columbia River Highway and the Columbia River. Most of the 36 acres involved is submerged by backwater from the Bonneville Dam. The Commission alleges the park is to be established "* * * complete with access road, parking area, boat ramp and related facilities, * * *." The relevant statute, ORS 366.345, provides as follows in part:

"(1) The commission may acquire by purchase, agreement, donation or by exercise of the power of eminent domain real property, or any right or interest therein, deemed necessary for the culture of trees and the preservation of scenic or historic places and other objects of attraction or scenic value adjacent to, along or in close proximity to state highways, or which may be conveniently

reached from or by a public highway. The commission may in like manner acquire land and ground necessary for the development and maintenance of parks, parking places, auto camps, camp sites, roadside development, recreational grounds or resorts, forest or timbered areas or other places of attraction and scenic or historic value which in the judgment of the commission are necessary for the convenience of the public, and which will contribute to the general welfare and pleasure of the motoring public or road user."

\* \* \* \* \*

"(3) The commission may acquire by purchase, agreement or donation real property, or any right or interest therein, deemed necessary for the culture of trees and the preservation of scenic or historic places and other objects of attraction or scenic value. The commission may in like manner acquire land and ground necessary for the development and maintenance of parks, camp sites, recreational grounds or resorts, forest or timbered areas or other places of attraction and scenic or historic value which in the judgment of the commission will contribute to the general welfare and pleasure of the public."

\* \* \* \* \*

Defendants contend that a marine park will not "contribute to the general welfare and pleasure of the motoring public or road user" under subsection (1) of the statute, and therefore may be acquired by the Commission only by "purchase, agreement or donation" under subsection (3).

██ Land for parks and recreational grounds or resorts which will be of benefit to the motoring public may be acquired by the Commission by eminent domain under subsection (1). We see no reason for distinguishing marine parks or boating from any other sort of park or recreational use. It is just as beneficial

to the motoring public to go for a boat ride as it is to eat a picnic lunch, pitch a game of horseshoes, go for a swim, take a nap or do any of the other things for which parks and recreational grounds are usually used.

■ Subsection (1) clearly contemplates that if the recreational property is convenient to a highway and thus of benefit to the motoring public, it may be acquired by condemnation. Subsection (3) applies only to the acquirement for recreational purposes of those lands which are not convenient to a highway and therefore of little benefit to motorists but only to the public generally.

The trial court erroneously sustained the demurrer. The case is reversed and remanded for further proceedings.